THE ATLANTIC, SUWANNEE RIVER AND GULF RAILWAY COMPANY, A CORPORATION UNDER THE LAWS OF FLORIDA, APPELLANT VS. THE STATE OF FLORIDA, APPELLEE.

1. Section 5, Chapter 4205, Laws approved June 2, 1893, providing a remedy for enforcing compliance with the requirements of Section 1 of that act, authorizes the proceedings for that purpose to be instituted and conducted in equity.

2. The legislature, under the police power, may, in proper cases, require railroad companies whose roads cross or meet each other to construct such switches, side tracks, and connections as will enable them to transport cars to and from each other's lines. Such regulations do not amount to a taking of the companies property, for which compensation must be provided.

3. In the absence of a showing that, as applied to a particular case, Section 1, Chapter 4205, Laws approved June 2, 1893, is an arbitrary or unreasonable regulation the court must assume that it is reasonable and consequently a valid regulation, passed in pursuance of the police power.

Appeal from the Circuit Court for Bradford County.

The facts in the case are stated in the opinion of the Court.

*R. H. Liggett,* for Appellant.

*W. B. Young,* for Appellee.

PER CURIAM:

On March 20, 1895, the State filed its bill of complaint against appellant and the Georgia Southern and Florida Railway Company in the Circuit Court of Bradford county, wherein it was alleged that the two railway

companies owned and operated railroads through Bradford county; that their lines crossed each other in said county at Sampson; that each of said companies had failed and refused to comply with section 1, Chapter 4205 laws of Florida, requiring the construction of such switches, side-tracks and connections as would enable them to transport cars to and from each other's lines, and that they had been notified in writing by the State Attorney of the Fourth Judicial Circuit to do so; but had neglected to comply with the said provision of the statute. The bill prayed for a mandatory injunction requiring the companies to comply with the statute and to pay the counsel fees of the State Attorney. The appellant demurred to this bill assigning the following grounds: 1st. The remedy of the State, if it has any, is by mandamus, and not by bill in equity. 2nd. The first section of Chapter 4205 laws of Florida is unconstitutional because its effects is to deprive the railroad companies of their property without just compensation therefor. The court overruled the demurrer, and appellant entered this appeal to review that ruling.

The only points insisted upon here are that the State's remedy is by mandamus and not in equity, and that the first section of Chapter 4205 laws of Florida is unconstitutional, because its effect is to deprive the appellant of its property without just compensation.

The first, third and fifth sections of Chapter 4205, approved June 2nd, 1893, are as follows: Section 1. That it shall be the duty of all railroad companies in this State, crossing or meeting each other at any point, to construct such switches, side-tracks and connections as will enable them to transport cars to and from each other's lines; and the expense of such construction shall be borne equally by such connecting lines of railroad;

360          SUPREME COURT.          [42nd Fla.

Atlantic, Suwannee River & Gulf Ry. v. State.—Opinion of Court.

Provided, that the gauge of such connecting lines is the same.

Sec. 3.   That it shall be the duty of all railroad companies or other common carriers to receive from connecting lines cars loaded with freight, or empty cars, and transport the same to their destination, or to such other connecting line as they may be consigned to, and return such cars to the connecting line from which they are received, and to deliver to the connecting lines cars loaded with freight, or empty cars, as they may be consigned; and no railroad company in this State shall charge or collect any higher rate of freight or wheelage than would be charged for transporting and delivering freights to individuals between the point of receipt and the point of delivery.

Sec. 5.   If any railroad company shall fail or refuse to comply with the provisions of section 1 of this act, it shall be the duty of the State's Attorney of the judicial circuit in which is situated the line of railroad where the action is attempted, to institute suit against the offending company in the Circuit Court, and on the facts being proven it shall be the duty of the Judge of the Circuit Court to render a decree requiring a compliance with the conditions of section 1; and if the railroad company shall fail or refuse to obey said decree, it shall be the further duty of the Judge of the Circuit Court, upon the fact of such refusal being made known to him, to appoint a receiver for such road, who shall have such side tracks, switches and connections made as may be necessary, conforming to the rules of said road in placing danger signals, putting in switches and passing trains during the construction of such work; and the State shall not be liable for any damages from accident caused by and

42nd Fla.]    JUNE TERM, 1900.    361

Atlantic, Suwannee River & Gulf Ry. v. State.—Opinion of Court.

during the construction of said work when the aforesaid
rules have been complied with; and the cost of the con-
struction of the same shall be a lien on said road para-
mount to all others; Provided, that all costs, charges,
and a reasonable fee for the State's Attorney shall be
decreed against the railroad company in the cases where
a decree is rendered against said company.

As to the first point the court is of opinion that
in view of the nature of the decree to be rendered and
the character and extent of the relief granted by the
fifth section of the act, the remedy is in chancery. The
chancery court is the only court that, technically speak-
ing, renders "decrees" and appoints "receivers," and
both of these are in terms provided for by the statute.
Appellant does not deny that if the statute contemplates
a proceeding in equity, that this proceeding was prop-
ly brought in that court. We think the statute does
authorize the proceeding to be had in equity. Jackson-
ville, Tampa & Key West Ry. Co. v. Adams, 29 Fla.
260, 11 South. Rep. 169.

As to the second point, appellant contends that the
compulsory establishment of switches, side-tracks and
connections can only be exercised under the power of
eminent domain, and as the statute provides no means
of compensation to the railroad companies, it is uncon-
stitutional. The court is of the opinion that the statute
was passed in the exercise of the police power of the
State—and not that of eminent domain. Jacobson v.
Wisconsin, Minnesota & Pacific R. R. Co., 71 Minn.
519, 74 N. W. Rep. 893, S. C. 40 L. R. A. 389; State
*ex rel.* Barton Co. v. Kansas City Ft. S. & G. R. Co., 32
Fed. Rep. 722; The State etc. v. The Wabash, St. Louis
& Pacific R. R. Co., 83 Mo. 144; State *ex rel.* Attorney-
General v. Jacksonville Terminal Co., 41 Fla. 377, 27

South. Rep. 225. The question arises here on demurrer to the bill, and as the State has the right in the exercise of the police power to require such regulations in proper cases, we must assume, in the absence of anything to the contrary that this requirement of this statute is reasonable. As this is the proper ground upon which the statute rests, and the contention of appellant being entirely inapplicable, nothing further need be said.

The decree overruling the demurrer is affirmed.